IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DOUGLAS TAYLOR                                                                                          PLAINTIFF
ADC #127483

V.                                              NO: 5:14CV00394 JLH/HDY

STRAUUN *et al.*                                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Douglas Taylor, who is currently incarcerated at the Arkansas Department of Correction's Tucker Maximum Security Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 27, 2014.

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff, he has been approved for parole, but must complete a vo-tech program before he can be released. Because Plaintiff's current maximum security unit does not have a vo-tech program, Plaintiff is unable to work toward the education requirement, and his release. Plaintiff seeks an order directing his transfer to a prison unit which has a vo-tech program, and his costs and fees. Because Plaintiff has failed to state a claim for relief, his complaint should be dismissed.

Plaintiff has no constitutional right to any particular prison. *Goff v. Burton*, 91 F.3d 1188, 1191 (8th Cir.1996). Likewise, Prisoners have no right to an educational or vocational program. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). As Plaintiff concedes in his complaint, he has no right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)(inmate has no federal constitutionally protected liberty interest in the possibility of parole); *Smith v. Norris*, 40 Fed. Appx. 305 *1 (8th Cir. 2002)(unpublished per curiam)(no federal right to have specific release and parole eligibility dates calculated); *Johnson v. Norris*, 2009 WL 4610267 *6 (E.D. Ark. 2009)(no constitutionally protected liberty interest or Arkansas statutory right to specific transfer or parole eligibility date). To the extent that Plaintiff may be claiming state

parole policies have been violated because he has not been transferred to a vo-tech program, the Court notes that such allegations do not state a constitutional violation. *See Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir.1993)(violation of state law, without more, does not state a claim under the federal constitution or section 1983). Accordingly, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __12__ day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE